PAUL J. FISHMAN  
United States Attorney  
BY: ROBERT FRAZER  
Assistant United States Attorney  
970 Broad Street, Suite 700  
Newark, New Jersey 07102  
(973) 297-2897

ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT  
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.

MIGUEL HERNANDO  
AMEZQUITA-MACHADO

    *Defendant.*

: Hon. Dennis M. Cavanaugh, U.S.D.J.

: Criminal No. 07-756

: **FINAL ORDER OF FORFEITURE**

**WHEREAS**, on or about August 13, 2009, the United States and Miguel Hernando Amezquita-Machado (hereinafter "Defendant"), entered into a Plea Agreement wherein the defendant agreed to the forfeiture of $1,427,186.52 in United States currency, including the $43,551.00 in United States currency that is already in the possession of the United States; and

**WHEREAS**, on or about December 15, 2009, a Consent Judgment and Preliminary Order of Forfeiture was entered pursuant to the Plea Agreement, between the United States and the Defendant, wherein the parties agreed, pursuant to 18 U.S.C. § 982(a)(1), to the forfeiture of $1,427,186.52 in United States currency, as property which represents property involved in or traceable to a violation of 18 U.S.C. § 1956(h), including the $43,551.00 in United States currency already in the possession of the United States; and

**WHEREAS**, the parties further agreed in the Consent Judgment and Preliminary Order of Forfeiture that a personal money judgment shall be entered against the defendant in the amount of

$1,383,635.52 for the remaining balance, as well as any other property constituting or derived from proceeds traceable to the commission of the offense, which property has not yet been identified or located, until the forfeiture money judgment is fully satisfied; and

**WHEREAS**, with the exception of the $43,551.00 in United States currency already in the possession of the United States, the United States had not identified any other specific assets that constitute or were derived from proceeds traceable the offenses that the defendant has been convicted; and

**WHEREAS,** to date the United States has not yet identified any property of the defendant that could be forfeited as a substitute property to satisfy the remaining balance of $1,383,635.52 in accordance with 21 U.S.C. § 853(p); and

**WHEREAS**, the entry of a Final Order of Forfeiture for a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure; and

**WHEREAS**, accordingly, the United States seeks the entry of a Final Order of Forfeiture for the $43,551.00 in United States currency already in the possession of the United States, and entry of a personal money judgment against the Defendant, Miguel Hernando Amezquita-Machado, in the amount of $1,383,635.52, with the right to move to amend the order to include substitute assets to satisfy the money judgment; and

**WHEREAS**, as required by 21 U.S.C. § 853(n)(1), beginning on January 23, 2010, the United States posted for at least 30 consecutive days through February 21, 2010, on the official government internet website http://www.forfeiture.gov, a notice of its intent to dispose of the sum of money equal to $43,551.00 in United States currency in accordance with the law and

2

further notifying all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the above notice, for a hearing to adjudicate the validity of their alleged legal interest in the property. (*See* Declaration of Robert Frazer with Exhibit, Exhibit A, hereinafter "Frazer Decl." filed herein); and

**WHEREAS,** pursuant to Federal Rules of Criminal Procedure 32.2(c)(1), no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment. Therefore, notice was not necessary on the official government website for the forfeiture of the $1,383,635.52 money judgment in this matter; and

**WHEREAS,** no timely claims have been filed on the property by any third parties for the forfeited property, namely $43,551.00 in United States currency; and

**THEREFORE** it is hereby **ORDERED, ADJUDGED AND DECREED:**

1. That a Final Order of Forfeiture is entered and that approximately $43,551.00 in United States currency is hereby forfeited to the United States of America and no right, title or interest in the asset shall exist in any other party; and

2. That a Final Order of Forfeiture consisting of a Money Judgment in the amount of $1,383,635.52 in United States currency against the Defendant, Miguel Hernando Amezquita-Machado, is hereby entered; and

3. That the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

4. That the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property having a value up to $1,383,635.52 in United States currency to satisfy the money judgment in whole or in part; and

5. That any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the United States Marshals Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Marshals Service into the Department of Justice Asset Forfeiture Fund, in accordance with the law.

The Clerk is hereby directed to send copies to all counsel of record.

**ORDERED** this 11 day of May, 2010

HON. DENNIS M. CAVANAUGH
United States District Judge

4

| | |
|---|---|
| **PAUL J. FISHMAN** <br> United States Attorney <br> BY: **ROBERT FRAZER** <br> Assistant United States Attorney <br> 970 Broad Street, Suite 700 <br> Newark, New Jersey 07102 <br> (973) 297-2897 | **ELECTRONICALLY FILED** |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    *Plaintiff,*

-v-

MIGUEL HERNANDO
AMEZQUITA-MACHADO

    *Defendant.*

-----------------------------------X

: Hon. Dennis M. Cavanaugh, U.S.D.J.

: Criminal No. 07-756

: **DECLARATION OF ROBERT FRAZER WITH EXHIBIT IN SUPPORT OF FINAL ORDER OF FORFEITURE**

**ROBERT FRAZER**, who being duly sworn, deposes and says:

1. I am an Assistant United States Attorney and represent the United States of America in this action. I make the following statements based on a review of the files maintained by this office.

2. On or about August 13, 2009, the United States and Defendant, Miguel Hernando Amezquita-Machado (hereinafter "Defendant"), entered into a Plea Agreement wherein the defendant agreed to the forfeiture of $1,427,186.52 in United States currency, including the $43,551.00 in United States currency that is already in the possession of the United States.

3. On or about December 15, 2009, a Consent Judgment and Preliminary Order of Forfeiture was entered pursuant to the Plea Agreement, between the United States and the Defendant, Miguel Hernando Amezquita-Machado, wherein the parties agreed to the forfeiture of

$1,427,186.52 in United States currency, pursuant to 18 U.S.C. § 982(a)(1), which represents property involved in or traceable to a violation of 18 U.S.C. § 1956(h), including the $43,551.00 in United States currency already in the possession of the United States.

4. Pursuant to the Plea Agreement the parties further agreed in the Consent Judgment and Preliminary Order of Forfeiture that a personal money judgment shall be entered against the defendant in the amount of $1,383,635.52 for the remaining balance, as well as any other property constituting or derived from proceeds traceable to the commission of the offense, which property has not yet been identified or located, until the forfeiture money judgment is fully satisfied.

5. With the exception of the $43,551.00 in United States currency already in the possession of the United States, the United States had not identified any other specific assets that constitute or were derived from proceeds traceable the offenses that the defendant has been convicted.

6. To date the United States has not yet identified any property of the defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).

7. The entry of a Final Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.

8. Accordingly, the United States seeks the entry of a Final Order of Forfeiture for the $43,551.00 in United States currency already in the possession of the United States, and for the entry of a personal money judgment against the Defendant, Miguel Hernando Amezquita-Machado, in the amount of $1,383,635.52, with the right to move to amend the order to include substitute assets to satisfy the money judgment.

9. As required by 21 U.S.C. § 853(n)(1), beginning on January 23, 2010, and running

for thirty consecutive days through February 21, 2010, the United States published, on an official government forfeiture internet website, namely http://www.forfeiture.gov, a notice of its intent to dispose of $43,551.00 in United States currency in accordance with the law and further notifying all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the above notice, for a hearing to adjudicate the validity of their alleged legal interest in the property. (See Exhibit A).

10. Pursuant to Federal Rules of Criminal Procedure 32.2(c)(1), no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment. Therefore, notice was not necessary on the official government website for the forfeiture of the $1,383,635.52 money judgment in this matter.

11. No claims have been filed on the above-referenced property within the time permitted for the forfeited property, namely a sum of $43,551.00 in United States currency.

12. Affiant knows of no reason why a Final Order of Forfeiture should not be entered for the $43,551.00 in United States currency and for a Final Order of Forfeiture for a a personal money judgment against the Defendant, Miguel Hernando Amezquita-Machado, in the amount of $1,383,635.52.

I declare under penalty of perjury that the forgoing is true and correct.

PAUL J. FISHMAN
United States Attorney

BY: *s/ Robert Frazer*
ROBERT FRAZER
Assistant United States Attorney

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,                )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )    07-756
                                          )
Miguel Hernando Amezquita-Machado         )
                                          )
        Defendant.                        )

## DECLARATION OF PUBLICATION

Under 21 U.S.C. § 853(n)(1), and the Attorney General's authority to determine the manner of publication of an Order of Forfeiture in a criminal case, notice of the forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on January 23, 2010 and ending on February 21, 2010. (See, Attachment 1.)

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 24, 2010 at Newark, NJ.

_____
George Reed
Paralegal

Attachment 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## COURT CASE NUMBER: 07-756; NOTICE OF FORFEITURE

Notice is hereby given that on December 15, 2009, in the case of <u>U.S. v. Miguel Hernando Amezquita-Machado</u>, Court Case Number 07-756, the United States District Court for the District of New Jersey entered an Order condemning and forfeiting the following property to the United States of America:

> $20,927.00 (04-FBI-005220), which was seized from Hernando Miguel Amezquita-Machado on July 20, 2004 at Parking lot of Pueblo Supermarket, located in Isla Verde, PR
>
> $22,624.00 (04-FBI-005221), which was seized from Hernando Miguel Amezquita-Machado on September 10, 2004 at vicinity of the Sears store at the Cross County Mall, located in Yonkers, NY

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file a Petition within 60 days of the first date of publication (January 23, 2010) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The petition must be filed with the Clerk of the Court, Martin Luther King Federal Building & U.S. Courthouse, 50 Walnut Street, Room 4105, Newark, NJ 07101-0419, and a copy served upon Assistant United States Attorney Peter Gaeta, 970 Broad Street,, Suite 700, Newark, NJ 07102. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

## Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between January 23, 2010 and February 21, 2010. Below is a summary report that identifies the uptime for each day within the 30-day period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Miguel Hernando Amezquita-Machado

**Court Case No:** 07-756
**For Asset ID(s):** See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 01/23/2010 | 22.4 | Verified |
| 2 | 01/24/2010 | 22.5 | Verified |
| 3 | 01/25/2010 | 22.7 | Verified |
| 4 | 01/26/2010 | 23.6 | Verified |
| 5 | 01/27/2010 | 23.6 | Verified |
| 6 | 01/28/2010 | 23.6 | Verified |
| 7 | 01/29/2010 | 23.6 | Verified |
| 8 | 01/30/2010 | 23.6 | Verified |
| 9 | 01/31/2010 | 23.6 | Verified |
| 10 | 02/01/2010 | 23.6 | Verified |
| 11 | 02/02/2010 | 23.6 | Verified |
| 12 | 02/03/2010 | 23.6 | Verified |
| 13 | 02/04/2010 | 23.6 | Verified |
| 14 | 02/05/2010 | 23.6 | Verified |
| 15 | 02/06/2010 | 23.6 | Verified |
| 16 | 02/07/2010 | 23.6 | Verified |
| 17 | 02/08/2010 | 23.6 | Verified |
| 18 | 02/09/2010 | 23.5 | Verified |
| 19 | 02/10/2010 | 23.6 | Verified |
| 20 | 02/11/2010 | 23.6 | Verified |
| 21 | 02/12/2010 | 23.6 | Verified |
| 22 | 02/13/2010 | 23.6 | Verified |
| 23 | 02/14/2010 | 23.6 | Verified |
| 24 | 02/15/2010 | 23.6 | Verified |
| 25 | 02/16/2010 | 23.6 | Verified |
| 26 | 02/17/2010 | 23.6 | Verified |
| 27 | 02/18/2010 | 23.6 | Verified |
| 28 | 02/19/2010 | 23.6 | Verified |
| 29 | 02/20/2010 | 22.4 | Verified |
| 30 | 02/21/2010 | 23.6 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.